In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-08-00460-CR

 01-09-00645-CR

 01-09-00646-CR

____________


JOSHUA TYRONE LANE, APPELLANT


v.


THE STATE OF TEXAS, APPELLEE




 

On Appeal from the 300th District Court 

Brazoria County, Texas

Trial Court Cause No. 54,972




 

MEMORANDUM OPINION

 Appellant, Joshua Tyrone Lane, appeals from a judgment sentencing him to
life in prison for the murder of Bobby Dollarhide in appellate cause number 01-08-00460-CR, which was count one in trial court cause number 54,972; 20 years for
the aggravated robbery of Bobby Dollarhide in appellate cause number 01-09-00645-CR, which was count two in trial court cause number 54,972; and 20 years
for the aggravated robbery of Surasuk Archnoi in appellate cause number 01-09-00646-CR, which was count three in trial court cause number 54,972. See Tex.
Penal Code Ann. §§ 19.02, 29.03 (Vernon 2003). Appellant pleaded not guilty
to the three offenses, which were tried before a single jury. The jury found
appellant guilty and assessed his punishment. Appellant's court-appointed counsel
has filed a motion to withdraw from representing appellant along with an Anders
brief in which he states that no valid grounds for appeal exist and that appellant's
appeal is frivolous. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967). Appellant's pro se response challenges his appellate counsel's
recommendation and presents three issues, challenging the legal and factual
sufficiency of the evidence and contending that the trial court erred by denying his
request for a lesser jury instruction of manslaughter. We affirm.

Background


 On August 18, 2007, Surasuk Lex Archnoi and the deceased, Bobby
Dollarhide, contacted appellant to purchase a controlled substance. Appellant and
two other men, known as Renzo and Goodjoint, drove from appellant's house to
meet Dollarhide at a motel room to complete the sale. Upon arriving, appellant
entered the motel room, and Renzo and Goodjoint remained in the car. Inside the
motel room, Archnoi, Dollarhide and appellant disagreed over the amount of drugs
to be delivered for the price.

 Appellant left the motel room and returned with Renzo and Goodjoint. 
Upon returning, Renzo struck Archnoi in the head with a shotgun. Appellant
demanded money from Archnoi. After Archnoi gave appellant his wallet,
appellant shot Archnoi in the leg. Appellant then demanded money from
Dollarhide while Renzo struck Dollarhide in the head with his shotgun. After
receiving Dollarhide's wallet, appellant shot Dollarhide. According to Archnoi,
appellant shot Dollarhide in the head. The medical examiner, however, found
gunshot wounds on Dollarhide's hand and abdomen only. Renzo and Goodjoint
then ran from the motel room and drove away. 

 At trial, appellant testified that he did not intend to rob or to cause harm to
Dollarhide or Archnoi, and was surprised when Renzo hit Archnoi with the
shotgun. Appellant further testified that he pulled his pistol out for protection
because he feared that Dollarhide would injure him after Renzo struck Archnoi
with the shotgun. Appellant testified that he shot both Archnoi and Dollarhide in
self-defense after they moved toward him, not intending to kill Dollarhide but only
to harm Dollarhide to slow him down. 

Anders Procedure

 The brief submitted by appellant's court-appointed counsel states his
professional opinion that there are no arguable grounds for reversal on appeal and
that any appeal would, therefore, lack merit. See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400. Counsel's brief meets the minimum Anders requirements by presenting a
professional evaluation of the record and stating why there are no arguable grounds
for reversal on appeal. See Gainous v. State, 436 S.W.2d 137, 138 (Tex. Crim.
App. 1969). The State has waived its opportunity to file an appellee's brief to
reply to the arguments presented in appellant's pro se response. 

 When we receive an Anders brief from a defendant's court-appointed
attorney who asserts that no arguable grounds for appeal exist, we must determine
that issue independently by conducting our own review of the entire record. 
Anders, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court--and
not counsel--determines, after full examination of proceedings, whether case is
"wholly frivolous"); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). In conducting our review, we consider any pro se response that the
defendant files to his appointed counsel's Anders brief. See Bledsoe v. State, 178
S.W.3d 824, 826-28 (Tex. Crim. App. 2005). 

 Our role in this Anders appeal, which includes a pro se response by
appellant, is limited to determining whether arguable grounds for appeal exist. 
Bledsoe, 178 S.W.3d at 827. If we determine that arguable grounds for appeal
exist, we must abate the appeal and remand the case to the trial court to allow the
court-appointed attorney to withdraw. Id. The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the defendant
wishes, allow the defendant to proceed pro se. Id. We do not rule on the ultimate
merits of the issues raised by appellant in his pro se response. Id. If we determine
that there are arguable grounds for appeal, appellant is entitled to have new counsel
address the merits of the issues raised. Id. "Only after the issues have been briefed
by new counsel may [we] address the merits of the issues raised." Id. 

 If, on the other hand, we determine, from our independent review of the
entire record, that the appeal is wholly frivolous, we may affirm the trial court's
judgment by issuing an opinion in which we explain that we have reviewed the
record and have found no reversible error. See id. at 826, 828. The holding that
there are no arguable grounds for appeal is subject to challenge by an appellant by
a petition for discretionary review filed in the Court of Criminal Appeals. Id. at
827 & n.6. 

 In accordance with Anders and Bledsoe, we have reviewed the record,
appellant's appointed counsel's Anders brief, and appellant's pro se response to
that brief, and we conclude that no arguable grounds for appeal exist. Anders, 386
U.S. at 744-45, 87 S. Ct. at 1400; Bledsoe, 178 S.W.3d at 826-27. Having reached
that conclusion, we affirm the judgment of the trial court and grant appellant's
appointed counsel's motion to withdraw. (1)

Conclusion

 We affirm the judgment of the trial court and grant appointed counsel's
motion to withdraw. 




 Elsa Alcala


 Justice



Panel consists of Justices Keyes, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 44.2(b).






 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that he may, on his own, pursue discretionary review in the Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005); 
Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997); Stephens v. State, 35
S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.] 2000, no pet.).